UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTONIO D. WILLIAMSON,                                                                 Petitioner,

v.                                                                        Civil Action No. 3:21-cv-P621-DJH

JOSHUA D. JUDD,                                                                       Respondent.

\* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Antonio D. Williamson, an inmate at the Oldham County Detention Center, filed the instant *pro se* petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2241 (Docket No. 1).  The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing § 2254 Cases.[1]  For the reasons set forth herein, the petition will be dismissed.

At the outset, the Court observes that Petitioner has a pending criminal action against him in this Court before the Honorable Judge Rebecca G. Jennings, Criminal Action No. 3:21-cr-123-RGJ.  He is charged with possession of a firearm by a convicted felon and receipt of a firearm while under indictment.  The Respondent named in the instant action, Joshua Judd, is the Assistant United States Attorney prosecuting that case.  Judd is not the proper Respondent in this § 2241 action.  *See, e.g.*, *Holder v. Curley*, 749 F.Supp.2d 644, 645 (E.D. Mich. 2010) ("Generally, . . . the prisoner's immediate physical custodian – *i.e.*, the warden at the facility where the prisoner is being held – is the proper respondent.") (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)).  However, because the Court will dismiss the petition on this

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing § 2254 cases.

preliminary review, it need not order Petitioner to amend the petition to name the proper Respondent.

## I.

The petition maintains that the Court in his criminal case "is without subject matter jurisdiction under 18 U.S.C. (3231)." The petition states as follows:

> The indictment fails to charge an offense against the laws of the united states because no jurisdiction has been ceded or accepted over the place where the criminal activity is alleged to have occurred. The government is alleging that a crime occurred against the laws of the united states and it has subject matter and personal jurisdiction over the matter when the facts of the allegation are that the alleged crime occurred in the Kentucky Republic.
> . . .
>
> The trial courts criminal statue exceeds the power over congress as applied to the alleged conduct because it violates due process rights secured under the fifth amendment and encroaches on the sovereignty and jurisdiction of the state in violation of the tenth amendment and the fundamental principles of federalism. Article 1 sub section 8 clause 3 states that congress has the power to regulate commerce with foreign nations, and among the several states, and with Indian tribes. Article 1 sub section 8 clause 5 states that congress has the power to coin money regulate the value thereof and of foreign coin, and fix the standards of weights and measures. Article 1 sub section 8 clause 6 states that congress has the power to provide punishment of counterfeiting the securities and current coin of the united states. Article 1 subsection 8 clause 10 states that congress has the power to define and punish piracies and felonies committed on the high seas, and offense against the Law of Nations. The indictment or government doesn't allege any of these violations prescribed in the constitution.

The petition further states, "In conclusion the government has failed to submit into evidence any documentation showing ownership by the united states over the place where the crime allegedly occurred. Any cessions and acceptance of jurisdiction under ARTICLE 1 SUB SECTION 8 CLAUSE 17 AND 40 U.S.C SUB SECTION 3112." As relief, he seeks, "Dismissal of the indictment with prejudice and immediate release from detention or immediate release from de[ten]tion pending adjudication on the above-mentioned indictment."

**II.**

As stated above, a federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to federal habeas relief. Rule 4 of the Rules Governing § 2254 Cases; *see also Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Petitioner is challenging his pending federal prosecution before Judge Jennings. "It is well established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution." *White v. Terris*, No. 2:15-CV-12349, 2015 U.S. Dist. LEXIS 100157, at *3-4 (E.D. Mich. July 31, 2015) (collecting cases). Any arguments presented in the instant petition must be made in the trial court and exhausted on appeal before habeas relief may be sought. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001). Petitioner, therefore, cannot challenge his pending federal prosecution in his current habeas petition.

Because the instant petition shows on its face that Petitioner is not entitled to federal habeas relief, the Court finds that the petition for writ of habeas corpus must be summarily dismissed.

**CERTIFICATE OF APPEALABILITY**

In the event that Petitioner appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: February 11, 2022

David J. Hale, Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
4415.010